**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF OHIO**

**EASTERN DIVISON**

| | | |
|---|---|---|
| FRANCISCO ARMANDO CHURUNEL BOCEL, | ) | CASE NO. 4:26-cv-01243-DAR |
| | ) | |
| | ) | DISTRICT JUDGE DAVID A. RUIZ |
| | ) | |
| Petitioner, | ) | MAGISTRATE JUDGE |
| | ) | REUBEN J. SHEPERD |
| v. | ) | |
| | ) | **ORDER** |
| SHERIFF JERRY GREENE,  et al., | ) | |
| | ) | |
| Respondents. | ) | |

On May 29, 2026, Petitioner Francisco Armando Churunel Bocel ("Churunel Bocel"),

filed an application for a writ of habeas corpus under 28 U.S.C. § 2241, stating that he is subject

to unlawful immigration detention, because his arrest was made without a warrant as is required

by 8 U.S.C. § 1226(a); his continued confinement violates his procedural and substantive Due

Process rights under the Fifth Amendment; and because the application of 8 U.S.C. § 1225(b)'s

mandatory detention structure against him is unlawful. (ECF Doc. 1). The matter was referred to

me for preparation of a Report and Recommendation on June 2, 2026. (ECF Doc. 3). That

referral included the following instruction:

> Upon consideration, this matter is hereby referred to United States Magistrate Judge
> Reuben J. Sheperd, which referral shall include the issuance by the Magistrate
> Judge of any order requiring the respondent to answer, service of the petition, or
> any appropriate order directed to this matter, pursuant to Rule 4 of the Federal Rules
> Governing § 2254 Cases. (See Rule 1(b) of the Federal Rules Governing § 2254
> cases, which extends the application of the Rules to habeas corpus petitions not
> filed under § 2254.) Furthermore, the Court notes that on May 11, 2026, the Sixth
> Circuit issued its decision in Lopez-Campos et al. v. Raycraft et al., wherein it

determined that 8 U.S.C. § 1226 is the properly applied statutory provision for detaining noncitizens like Petitioner who arrived int eh United States without inspection. No. 25-1965, 2026 WL 1283891, at *13 (6th Cir. May 11, 2026). Therein the Sixth Circuit affirmed the judgments of district courts below, determining that the "text, canons, and past practice" support the conclusion that the petitioners were not subject to the mandatory detention provisions of 8 U.S.C. § 1225. *Id.* at *6.

In light of that decision, the Magistrate Judge shall order Respondent(s) to file a Notice within seven (7) days indicating whether they intend to oppose the Petition and, if so, setting forth a brief explanation as to how the present petition differs from those under the Court of Appeals' consideration in *Lopez-Campos*. If Respondent indicates no opposition is intended, the undersigned [District Judge] will rule directly on the habeas petition.

If an opposition is intended, the Magistrate Judge shall order Respondent to file the Return of Writ within twenty-one days. Requests for extension should be restricted to exceptional circumstances. Petitioner may file a reply within seven days of the Return of Writ. If necessary, the Magistrate Judge, in his sound discretion, may schedule a hearing. If the Respondents oppose the petition, the Court requests a Report and Recommendation from the Magistrate Judge as to whether the petition should be granted.

(ECF Doc. 3, pp. 1-2).

Accordingly, the Clerk of Court shall forward a copy of the petition (ECF Doc. 1), together with this Order, to all Respondents who have not yet appeared in the case.

Pursuant to 28 U.S.C. § 2243, and good cause, and with the direction within the District Judge's referral order, (ECF Doc. 3), I order the Respondents to respond with a Notice of their position regarding this Petition in light of the Sixth Circuit's ruling in *Lopez-Campos* no later than June 11, 2026.

Further instructions will be made after Respondents file their above Notice, including whether a briefing schedule pursuant to the Court's referral order and Rule 4 of the Rules Governing § 2254 Cases is necessary. Should I later find that the matter does not present only issues of law and a hearing is required, I will schedule a hearing within five days, in accordance

2

with Section 2243. Foreign language interpreters are not provided in civil matters; should

petitioner require one, he must do so at his own expense.

So ordered.

Dated: June 4, 2026

REUBEN J. SHEPERD
UNITED STATES MAGISTRATE JUDGE